663 P.2d 1009

**Lawrence M. HAWKE and Linda Hawke, husband and wife, Plaintiffs/Appellants,**

v.

**Philip Michael BELL and Ruth Bell, husband and wife, Defendants/Appellees.**

**No. 2 CA–CIV 4445.**

Court of Appeals of Arizona, Division 2.

Feb. 23, 1983.

Rehearing Denied April 7, 1983.

Review Denied May 24, 1983.

Curtis & Cunningham by George Haskel Curtis, Tucson, for plaintiffs/appellants.

Bury & Moeller, P.C. by David C. Bury, Tucson, for defendants/appellees.

## OPINION

BIRDSALL, Judge.

Can the trial court set aside a default judgment because of the amount of damages awarded absent new evidence that the amount of the award was not justified? That is the only question presented in this appeal. We hold that it cannot and reverse.

On September 11, 1981, the plaintiff/appellant, Lawrence M. Hawke, was seriously injured when bitten by the appellees' Rhodesian Ridgeback dog. The appellants, Mr. Hawke and his wife, Linda, retained counsel who learned that the appellees were insured by Preferred Risk Insurance Company. The company had a local agent who discussed settlement with counsel but these negotiations failed and on November 18 a complaint was filed and served with summons on the appellees the next day. The local agent had been advised the commencement of the lawsuit was imminent and had requested the appellees to contact her when the papers were served. They did this immediately, bringing the papers to her office. Her explanation of what subsequently transpired is set forth in the following paragraphs of her affidavit filed in support of the appellees' motion to set aside the default judgment:

"9. My practice is to make sure a copy of the Summons and Complaint and file material is delivered to defense counsel in order to file a timely Answer and my procedure is to tag the file to be copied by a secretary and returned to my desk for a letter of transmittal to defense counsel for timely Answer and at the same time to send a copy of the transmittal and suit papers to my supervisor;

10. For some unknown reason this particular file was either not tagged and was therefore returned to a file cabinet or it was tagged and not returned to my desk for transmittal to defense counsel;

11. As the file was not returned to my desk I completely forgot about the suit papers and knew nothing about the entry of default or judgment until a phone call was received from Mrs. Bell on December 23, 1981 wherein she advised she had received papers from the Court indicating that judgment had been taken in the amount of $200,000.00 and at that point the file was in the file cabinet with the suit papers still in the file;"

The thrust of the appellees' position in the trial court was that the foregoing constituted excusable neglect under Rule 60(c)(1), Rules of Civil Procedure, 16 A.R.S.,[1] within the holding of *Coconino Pulp and Paper Company v. Marvin*, 83 Ariz. 117, 317 P.2d 550 (1957).

On December 10 the appellees' default was entered for failure to answer the complaint. On December 17 the appellants appeared before the trial court and testified, resulting in the judgment for $200,000.

1. Rule 60(c) states in pertinent part: "*Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc.* On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment ...."

The minute entry directing that judgment contains the following language:

"The Court, after taking evidence and considering the severity of damages and the possible effect on the Plaintiffs' lives, . . . ."

On December 23 the carrier was notified and on December 31 a motion to set aside default judgment was filed. The motion was heard on February 16, 1982, and taken under advisement. Sabra Van Orsdol, the claims agent, was the only witness testifying at that hearing. The hearing was not reported. On February 23 the trial court ruled as follows:

"After having considered memoranda of counsel and oral argument in this case, the Court concludes that the interest of justice would be served, and is justified under Rule 60(c) of the Rules of Civil Procedure, for the judgment to be set aside in part.

IT IS ORDERED that that portion of the judgment of December 17, 1981, awarding the sum of $200,000.00 to the Plaintiffs is set aside.

IT IS FURTHER ORDERED that the portion of the judgment providing that the Plaintiffs shall have judgment against Defendants will remain in full force and effect.

IT IS FURTHER ORDERED that the amount of Plaintiffs' compensation for the injuries received will be determined by further proceedings.

The Court in its decision has been particularly influenced by defense counsel's offer to let the finding of liability on the part of Defendants to Plaintiffs stand.

Rule 60(c) provides that the Court, upon such terms as are just, may relieve a party from a final judgment."

This appeal followed.

█ It is well established that in order to set aside a default judgment pursuant to Rule 60(c)(1) three requirements must be satisfied: 1) excusable neglect, 2) prompt application and 3) a meritorious defense. *Webb v. Erickson,* 134 Ariz. 182, 655 P.2d 6 (1982); *United Imports and Exports, Inc. v. Superior Court,* 134 Ariz. 43, 653 P.2d 691 (1982); *Richas v. Superior Court,* 133 Ariz. 512, 652 P.2d 1035 (1982); *Phillips v. Findlay,* 19 Ariz.App. 348, 507 P.2d 687 (1973).

█ The proof in the instant case did not establish excusable neglect, only carelessness. The judgment should not be disturbed for that reason. *Postal Ben. Ins. Co. v. Johnson,* 64 Ariz. 25, 165 P.2d 173 (1946); *Beyerle Sand & Gravel, Inc. v. Martinez,* 118 Ariz. 60, 574 P.2d 853 (App.1977); *Shemaitis v. Superior Court,* 114 Ariz. 288, 560 P.2d 806 (App.1976); *Marquez v. Rapid Harvest Co.,* 1 Ariz.App. 138, 400 P.2d 345 (1965). The facts here do not bring this conduct within the rule of *Coconino Pulp, supra.* In *Coconino Pulp,* the failure to file an answer was excused because no attorney in the law office representing the defendant received notice that an answer was due. In the instant case the insurance company agent who was responsible for contacting counsel to represent the appellees had notice but "forgot" to act.

The trial court implicitly agreed that there was no excusable neglect under Rule 60(c)(1) since it refused to set aside the default but did set aside the judgment. We observe that no question was raised concerning the promptness with which the appellees acted once they learned of the default. That requirement was satisfied.

█ This brings us to the issue on appeal: whether the trial court can set aside a default judgment and thus allow the parties to contest the issue of damages while refusing to set aside the underlying default itself which holds the defaulting party liable. Although we believe it can, we hold that the order in this case was an abuse of discretion since no further evidence pertaining to the amount of damages was presented. Rule 55(c), Rules of Civil Procedure, 16 A.R.S., states: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(c)." Rule 60(c)(6), Rules of Civil Procedure, 16 A.R.S., allows the court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment."

Applying those rules under similar circumstances in *Camacho v. Gardner,* 6 Ariz. App. 590, 435 P.2d 719 (1967), modified on rehearing, 7 Ariz.App. 483, 441 P.2d 249 (1968), *vacated on other grounds,* 104 Ariz. 555, 456 P.2d 925 (1969), we held that "when proof of damage after a default in an unliquidated damage case is as scanty as that presented to the court here, an order setting aside a default judgment, but not the default itself, is justified." Subsequent Arizona decisions have applied the principles espoused in *Camacho. See Dungan v. Superior Court in and for the County of Pinal,* 20 Ariz.App. 289, 512 P.2d 52 (1973); *Mayhew v. McDougall,* 16 Ariz.App. 125, 491 P.2d 848 (1971); *Rhodes Western v. Clarke,* 14 Ariz.App. 62, 480 P.2d 677 (1971). The entry of default constitutes only a judicial admission of liability and not of the amount of damages when the claimant is unliquidated. *Dungan, supra; Mayhew, supra.* Since a default and a default judgment are separate in nature and the defaulted party has a right to contest the issue of damages, there may exist cause to set aside the default judgment, arising out of the amount of the judgment, which does not pertain to the default itself. *See Dungan, supra; Camacho, supra.*

In *Camacho, supra,* the conscience of the reviewing court was shocked by the scanty evidence presented to the trial court in support of the award of damages. In the present case, however, the complaint alleges that the plaintiff-husband suffered numerous serious, painful and permanent physical injuries requiring past and future medical care and future loss of wages. Count 3 alleges the plaintiff-wife has lost consortium of her husband and that she is unable to conceive due to his injury. The dog bit the husband on the penis and scrotum. In the appellants' reply brief they advise that the injuries related to the trial court ·at the default hearing (which was unreported) evidenced a life-altering situation. Appellant's penis is now misshapen and discolored. Sexual contact is painful for both appellants. An operation was required to open a closed urinary tract. That procedure was extremely painful. Appellant's

sperm count is now well below normal. Appellants have been unable to conceive another child since the attack, although no problems with conception of their first child were ever noted. Recurring pain is present in the testicles. We assume this is the nature of the evidence which the trial judge heard when, in awarding $200,000 in compensatory damages, he observed that the damages were severe and would have a possible effect on the plaintiffs' lives.

Despite these findings and the determination that the proper award was $200,000, the same trial judge has set this order aside without even any contention appearing in the record that the award is excessive, much less any new evidence concerning the damages. The only claim of a meritorious defense in the appellees' motion to set aside the judgment pertains to liability, not damages. The trial court apparently rejected that contention and in the minute entry ruling on the motion observes that the appellees also offered to let the finding of liability stand. Since the appellees' motion contained no argument regarding the amount of the award, it is not surprising that the appellants did not mention the subject either.

The trial judge was undoubtedly most correct in rejecting the appellees theory of excusable neglect and meritorious defense to liability and his motive in providing for a second hearing on the amount of damages unquestionably arises out of his desire to serve the interest of justice. Nevertheless, a judgment which the record shows was properly entered and the amount of which does not appear to be excessive in view of the injuries sustained, should not be set aside without some reason. *See Gillette v. Lanier,* 2 Ariz.App. 66, 406 P.2d 416 (1965). No such reason appears here.

We vacate the order partially setting aside the judgment and remand with directions to reinstate the $200,000 judgment in favor of the appellants.

HOWARD, C.J., and HATHAWAY, J., concur.