IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

———————————

**PABLO GONZALEZ, ET AL.**,
*Plaintiffs/Appellants,*

*v.*

**QUOC NGUYEN, ET AL.**,
*Defendants/Appellees.*

———————————

No. CV-17-0117-PR
Filed April 12, 2018

———————————

Appeal from the Superior Court in Maricopa County
The Honorable Brian S. Rees, Commissioner
No. CV2014-052846
**AFFIRMED**

Memorandum Decision of the Court of Appeals, Division One
1 CA-CV 16-0141
Filed March 21, 2017
**VACATED**

———————————

COUNSEL:

William G. Caravetta, III, Kevin K. Broerman, Justin M. Ackerman (argued), Jones, Skelton & Hochuli, P.L.C., Phoenix, Attorneys for Quoc Nguyen, et al.

Susan M. Freeman, (argued), Justin J. Henderson, Lewis Roca Rothgerber Christie LLP, Phoenix; and Gregg Clarke Gibbons, Gregg Clarke Gibbons, P.C., Scottsdale, Attorneys for Pablo Gonzalez, et al.

———————————

JUSTICE BOLICK authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES BRUTINEL, TIMMER, GOULD, and LOPEZ joined.

JUSTICE BOLICK, opinion of the Court:

**¶1**         We consider here whether a defendant must submit additional evidence outside the existing record to establish a "meritorious defense" in a motion to set aside a default judgment under Arizona Rule of Civil Procedure 60(c) (now 60(b)).[1]  We hold that a defendant may rely on the existing record and that a trial court has broad discretion to determine whether a matter should be decided on the merits.

## BACKGROUND

**¶2**         On April 9, 2012, Quoc Nguyen was driving a van owned by his employer, Dysart Hotel, and rear-ended a truck driven by Pablo Gonzalez.  The police report indicated the crash occurred at ten miles per hour and "no injury" occurred.  However, Gonzalez contended the accident was more severe, causing extensive injuries requiring surgery and physical rehabilitation and forcing him to retire from the Maricopa County Sheriff's Office.

**¶3**         Dysart Hotel notified its insurance claims administrator, Precision Risk Management, about the accident.  A claims adjuster (Bill Sim) instructed Gonzalez's attorneys to direct communications to him.  Gonzalez filed this negligence action against Nguyen and Dysart Hotel (collectively "Dysart") seeking compensatory damages.  Gonzalez later sent Sim a detailed demand letter seeking $716,242.50, including $600,000 for pain and suffering, and offering to settle for $695,000.

---

[1] The Arizona Rules of Civil Procedure changed in 2016, reorganizing Rule 60(c) as Rule 60(b), without substantive change.  As most of the cases and the court of appeals' decision refer to the prior version, we will reference Rule 60(c), which was in effect when the motion here was filed.  *Compare* Ariz. R. Civ. P. 60(c) (1987), *with* Ariz. R. Civ. P. 60(b) (2016).

¶4 Despite repeated inquiries by Gonzalez's lawyers, Dysart did not file a responsive pleading to the complaint. On February 20, 2015, Gonzalez applied for an entry of default, again served Dysart, and also sent copies to Sim and Companion Commercial Insurance ("Companion"), Dysart's insurer. After a hearing on June 23, 2015, at which Gonzalez presented evidence and Defendants failed to appear, the trial court entered a default judgment in the amount of $667,279.56.

¶5 On August 11, 2015, Defendants filed a Rule 60(c) motion to vacate the judgment's damage award, and Companion moved to intervene. At oral argument on the motions, Dysart's attorney told the court Dysart would admit liability and only contest damages if the motion was granted. The trial court denied Companion's intervention motion because no coverage issues existed, but it granted the motion to vacate the default judgment. The court observed that although it seemed unfair for the insurance company "to have handled the claim in such a casual or indifferent manner . . . and then plead the injustice after the fact," it acknowledged it had "doubts about the fairness of the amount of the judgment," which seemed "too large." The proper course "in such a 'tie,'" the court concluded, "is to allow the case to be decided on the merits."

¶6 The court of appeals reversed and reinstated the default damages judgment. *Gonzalez v. Nguyen*, 1 CA-CV 16-0141, 2017 WL 1057307 (Ariz. App. Mar. 21, 2017) (mem. decision). The court noted that the only support for the motion to vacate was an affidavit from Companion's claims manager attesting to an oversight or error in responding to the application for entry of default but offering no substantive defense. *Id.* at *3 ¶ 18. Citing Rule 60(c)(6), Dysart argued that it wanted to examine whether the amount of damages was reasonable. *Id.* ¶ 19. The court of appeals concluded, as had the trial court, that Defendants had shown no excusable neglect, *id.* at *5 ¶ 23; *see* Ariz. R. Civ. P. 60(c)(1), but overturned the trial court's decision vacating the judgment because Dysart had not presented a "meritorious defense" to support the motion. *Gonzalez*, 1 CA-CV 16-0141, at *4 ¶ 22.

¶7 We granted review to consider the important and recurrent issue of the standards for relief from a default judgment under Rule 60(c)(6).

We have jurisdiction under article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## DISCUSSION

**¶8**         We review a trial court's decision to grant a Rule 60(c) motion for abuse of discretion. *Moreno v. Jones*, 213 Ariz. 94, 97 ¶ 15 (2006). We review interpretation of our rules de novo. *Spring v. Bradford*, 243 Ariz. 167, 170 ¶ 11 (2017).

**¶9**         Rule 60(c) (now slightly modified as Rule 60(b)) states:

> **Mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud, etc.**
> On motion and upon such terms as are just the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

We construe our rules according to their words in the context in which they are used and look to secondary construction tools only if the language is subject to more than one reasonable interpretation. *See Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160, 164 ¶ 20 (2017).

**¶10**        Dysart does not argue here that any of the first five Rule 60(c) grounds, including excusable neglect, applies. Rather, it relies solely on

Rule 60(c)(6), allowing relief from a default judgment for "any other reason justifying relief."

**¶11** Our Rule 60(c)(6) jurisprudence is not a model of clarity or consistency. We have noted that application of Rule 60(c) should serve two different objectives. First, the "law favors resolution on the merits, and therefore if the trial court has doubt about whether to vacate a default judgment, it should rule in favor of the moving party." *Daou v. Harris*, 139 Ariz. 353, 359 (1984). "There is also, however, a principle of finality in proceedings which is to be recognized and given effect." *Id.* Those objectives can be in considerable tension. The rule does not take a position between them, instead creating a very broadly worded ground for relief, which we construe as investing extensive discretion in trial courts. *See id.* (noting that "trial courts are given broad discretion" under Rule 60(c)); *accord Webb v. Erickson*, 134 Ariz. 182, 186 (1982) (noting Rule 60(c)(6)'s "broad equitable power").

**¶12** In addition to requiring adherence to Rule 60(c)'s timeliness requirements and that an "other" ground for relief from a default judgment cannot be one of the reasons set forth in Rule 60(c)(1)–(5), we have consistently bounded a trial court's discretion under Rule 60(c)(6) by requiring a defendant to assert a meritorious defense. *See, e.g., Union Oil Co. of Cal. v. Hudson Oil Co.*, 131 Ariz. 285, 289 (1982) (requiring the movant to show "facts which, if proven at trial, would constitute a meritorious defense"); *see also* Ariz. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . . ."). This burden is "minimal," *United States v. Aguilar*, 782 F.3d 1101, 1108 (9th Cir. 2015), requiring only "some legal justification for the exercise of the power, some substantial evidence to support it," *Richas v. Superior Court*, 133 Ariz. 512, 514 (1982) (quoting *Lynch v. Ariz. Enter. Mining Co.*, 20 Ariz. 250, 252 (1919)). To the extent that some of our decisions suggest a higher standard, we disavow such statements. *See, e.g., Panzino v. City of Phoenix,* 196 Ariz. 442, 445 ¶ 6 (2000) (Rule 60(c)(6) "applies only when our systemic commitment to finality of judgments is outweighed by extraordinary circumstances of hardship or injustice." (quoting *Bickerstaff v. Denny's Rest., Inc.*, 141 Ariz. 629, 632 (1984) (internal quotation marks omitted))).

**¶13** Some Arizona decisions have indicated that the meritorious defense supporting the motion to vacate must be established by evidence extraneous to the existing record. *See, e.g.*, *United Imp. & Exp., Inc. v. Superior Court*, 134 Ariz. 43, 46 (1982) ("A showing of a meritorious defense requires a showing by affidavit, deposition or testimony of some facts which, if proved at trial, would constitute a defense."); *Hawke v. Bell*, 136 Ariz. 18, 19 (App. 1983) (holding that a trial court may not "set aside a default judgment because of the amount of damages awarded *absent new evidence* that the amount of the award was not justified" (emphasis added)). We do not find any such requirement in the language or purpose of the rule. Such a requirement elevates form over the relevant substance, which is to determine if there is a justifiable basis to set aside the default judgment. Rather, if the motion relies on evidence of a meritorious defense that appears in the record, the rule plainly vests authority in the trial court to grant relief, and we disavow language in prior decisions that suggests evidence outside the extant record is necessary.

**¶14** Citing *United Imports*, the court of appeals focused on the adequacy of the affidavit by Companion's claims manager in support of the motion, concluding it was legally insufficient because it "said nothing about potential defenses." *Gonzalez*, 1 CA-CV 16-0141, at *3 ¶¶ 17–18. However, the record provided a basis for Dysart's assertion—and the trial court's conclusion—that the amount of damages might be excessive when tested at trial. The police reports (which were also appended to Dysart's motion) stated that the collision occurred at ten miles per hour and that either no injury or possible injury occurred; nothing suggested serious injuries. Dysart also presented an affidavit from Gonzalez's counsel attesting that Gonzalez incurred $68,683.58 in medical bills and $42,558.92 in lost wages, far less than the default judgment amount. When it entered the default judgment, the trial court expressed concerns about the amount of damages, and the motion to vacate the judgment provided an opportunity for the court to revisit the issue by ordering resolution of the judgment amount on the merits. Although a possibly excessive judgment does not automatically entitle a defendant to vacate a default judgment, the trial court here acted within its discretion.

¶15 The court of appeals further found that the absence of excusable neglect by Dysart "also cuts against granting relief to Defendants." *Id.* at \*5 ¶ 23. Although some cases suggest that a defendant's failure to satisfy the excusable neglect standard of Rule 60(c)(1) can be used to defeat relief under Rule 60(c)(6), *see, e.g., Panzino*, 196 Ariz. at 448 ¶ 19 ("We cannot consistently hold that although Rule 60(c)(1) allows relief for judgment only for excusable neglect, Rule 60(c)(6) allows relief from inexcusable neglect . . . ."), the grounds for relief in each of the subsections are separate and distinct. "Clause 6 and the first five clauses are mutually exclusive." *Webb*, 134 Ariz. at 186. Rule 60(c)(6), on its face, contemplates circumstances that do not fit into the other Rule 60(c) subsections. *See id.*

¶16 Although "the showing of a meritorious defense need not be strong, . . . it must be greater than mere speculation." *Richas*, 133 Ariz. at 517. But where, as here, the record suggests that the judgment amount is excessive, a trial court appropriately may provide Rule 60(c)(6) relief. *Daou*, 139 Ariz. at 361. For example, in *Roll v. Janca*, the court of appeals ruled that where the defendant moved for Rule 60(c)(6) relief expeditiously after a default judgment, and "where a large judgment of $25,000 has been entered on default on a trip and fall case where the injury sustained was allegedly merely a twisted knee and torn ligaments, serious consideration must be given to the presumption of resolution of cases on their merits." 22 Ariz. App. 335, 338 (1974); *accord Daou*, 139 Ariz. at 361 ("[I]t is not the size of the damage award alone that is conclusive, but whether it is excessive for the injuries sustained."); *Beal v. State Farm Mut. Auto. Ins.*, 151 Ariz. 514, 521 (App. 1986) (concluding that a party raised a "substantial defense" by showing "debatable issues" as to the "nature and extent of the injuries and damages" and a "discrepancy" between the amount of special damages and the default judgment that "calls into question the validity of the damages award").

¶17 The court of appeals observed that the trial court "did not mention the meritorious defense requirement" in granting the motion to vacate. *Gonzalez*, 1 CA-CV 16-0141, at \*3 ¶ 17. Although the trial court did not use that term, its order clearly rested on its view that the damage

amount was potentially unwarranted, which under *Daou* and *Roll* constitutes a meritorious defense.  As we held in *Daou*, "if the trial court has doubt about whether to vacate a default judgment, it should rule in favor of the moving party." 139 Ariz. at 359.

## CONCLUSION

**¶18**　　　　　We vacate the court of appeals' decision, affirm the trial court's order, and deny Gonzalez's motion for attorney fees.