JUSTICE LOPEZ, opinion of the Court:
 

 ¶1 We consider whether a parent must provide evidence of a "meritorious defense" to succeed on a Rule 46(E) motion to set aside a severance judgment following a Rule 64(C) acceleration of a final adjudication as a result of a missed initial hearing, pretrial
 conference, or status conference.
 
 See
 
 Ariz. R.P. Juv. Ct. 46(E), 64(C). We hold Rule 46(E) requires evidence of a meritorious defense.
 

 I.
 

 ¶2 Trisha A. ("Mother") is the mother of two minor children. On September 9, 2015, Mother was hospitalized for substance abuse treatment for heroin and methamphetamine use. Four days later, Mother left the hospital against medical advice without completing the treatment program. That day, the Department of Child Safety ("DCS") took custody of her two children, placed them with their maternal grandmother, and filed a dependency action, alleging the children were dependent due to Mother's substance abuse and neglect. On September 22, over Mother's objection, the juvenile court found the children dependent.
 

 ¶3 Over the next eleven months, DCS offered Mother services to help her achieve sobriety and to reunify her with her children, including substance abuse testing and treatment, parent-aide services, and visitation with the children. However, Mother shunned the substance abuse testing and treatment, failed to achieve sobriety, missed most of the parent-aide sessions and many visits with her children, and failed to maintain contact with the DCS case manager.
 

 ¶4 On August 3, 2016, nearly a year after the dependency determination, DCS filed a petition to sever Mother's parental rights on the grounds of abandonment, substance abuse, and out-of-home placement.
 
 See
 
 A.R.S. § 8-533(B)(1), (3), (8)(a). As part of the proceedings, Mother received and signed a "Notice of Parental Termination Action," notifying her that failure to appear at certain proceedings could result in the court finding she had waived her legal rights and admitted the grounds against her and proceeding in her absence with a final termination adjudication hearing.
 

 ¶5 Mother appeared at her initial severance hearing and initial mediation but, despite notice, failed to appear for a combined report and review status hearing and pretrial conference set for January 18, 2017 (the "January hearing"). Mother's attorney told the juvenile court he had informed Mother of the January hearing and he did not know why she had not appeared. Because Mother's attorney presented no good cause for Mother's absence, and pursuant to DCS's request, the court proceeded to an accelerated severance hearing under Rule 64(C).
 

 ¶6 At the accelerated severance hearing, the DCS case manager testified that Mother had only sporadic contact with the children during the sixteen-month dependency, was unable to maintain a normal parental relationship with them, and failed to provide them with food and shelter. The case manager also opined that Mother was unable to discharge her parental duties due to substance abuse and her inability to maintain sobriety. Based on this testimony and the record in the case, the court found the three severance grounds proven by clear and convincing evidence and, by a preponderance of the evidence, that termination was in the children's best interests.
 

 ¶7 Nine days later, Mother moved to set aside the severance judgment pursuant to Rule 46(E), arguing that she failed to appear at the January hearing because she had been admitted that same day to an in-patient drug treatment program ("Lifewell"). Without giving DCS an opportunity to respond, the juvenile court granted Mother's motion to set aside the severance judgment due to her physical inability to attend the January hearing.
 

 ¶8 DCS objected to Mother's motion and filed a motion to have the court reconsider its order setting aside the severance judgment, arguing that she failed to notify her counsel or the court of her intended admission to Lifewell; she had refused to participate in drug treatment for more than a year and waited until the day of the pretrial conference to do so; and she checked out of Lifewell only four days after admission and did not complete the program. DCS also urged the court to deny Mother's motion because she failed to assert any meritorious defense to the underlying severance action. The court set a February 23 status hearing to consider whether to "set aside the set-aside" of the severance (the "February hearing").
 

 ¶9 Mother also failed to appear at the February hearing. DCS argued that Mother failed to establish good cause for her nonappearance at the January hearing because her Lifewell admission form indicated that she was admitted at noon on January 18-an hour and a half after the time the January hearing had been scheduled-and that Mother left four days after admittance, against medical advice. The children's guardian ad litem argued Mother failed to notify her counsel or the court that she could not attend the January hearing. In response, Mother's counsel argued that the Lifewell admission form did not indicate Mother's check-in time and that Mother had emailed him on February 19, stating that she had been in jail and the hospital since January 8. The court reinstated its January severance order finding Mother failed to establish good cause for her absence. Mother appealed, arguing only that the juvenile court erroneously reinstated its severance judgment.
 

 ¶10 On appeal, the court of appeals ordered supplemental briefing regarding (1) whether Rule 64(C) violates due process; (2) whether the court should reconsider
 
 Christy A. v. Arizona Department of Economic Security
 
 ,
 
 217 Ariz. 299
 
 ,
 
 173 P.3d 463
 
 (App. 2007) ; and (3) whether, to the extent
 
 Christy A.
 
 remains controlling law, a meritorious defense is required to set aside Rule 64(C) accelerated hearing judgments. At DCS's request, the court of appeals stayed the appeal pending this Court's decision in
 
 Brenda D. v. Department of Child Safety
 
 ,
 
 243 Ariz. 437
 
 ,
 
 410 P.3d 419
 
 (2018).
 
 Trisha A. v. Dep't of Child Safety
 
 ,
 
 245 Ariz. 24
 
 , 29 ¶ 10,
 
 424 P.3d 425
 
 , 430 (App. 2018).
 

 ¶11 After supplemental briefing and
 
 Brenda D.
 
 's issuance, the court of appeals vacated the juvenile court's severance order, holding that requiring a meritorious defense to set aside a Rule 64(C) accelerated hearing judgment violated Mother's right to due process.
 

 Id.
 

 at 27 ¶ 1, 35 ¶¶ 33-34,
 
 424 P.3d at 428, 436
 
 . The court reasoned that the meritorious defense requirement, as recognized in
 
 Christy A.
 
 , should apply only to Rule 66(D)(2) cases involving missed final termination hearings rather than to Rule 64(C) cases involving missed pre-final termination proceedings.
 

 Id.
 

 at 32-34 ¶¶ 22-28,
 
 424 P.3d at 433-35
 
 .
 

 ¶12 We granted review because the standard concerning a Rule 46(E) motion to set aside a severance order following a Rule 64(C) accelerated severance hearing presents a recurring issue of statewide importance. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.
 

 II.
 

 ¶13 As a preliminary matter, we do not consider the constitutionality of Rule 64(C) accelerated severance hearings because Mother did not raise the issue on appeal, and we presume that such hearings are constitutional.
 
 See
 

 State ex rel. Brnovich v. City of Tucson
 
 ,
 
 242 Ariz. 588
 
 , 599-600 ¶ 45,
 
 399 P.3d 663
 
 , 674-75 (2017) ("We generally do not reach out to decide important constitutional issues or to upset established precedent when no party has raised or argued such issues.");
 
 Gallardo v. State
 
 ,
 
 236 Ariz. 84
 
 , 87 ¶ 9,
 
 336 P.3d 717
 
 , 720 (2014) (noting that we "presume that the legislature acts constitutionally" (internal quotation marks omitted)). Although the dissent addresses the constitutionality of Rule 64(C) accelerated severances,
 
 infra
 
 ¶¶ 33-48, we are not persuaded to depart from our customary approach to refrain from addressing constitutional issues that are not raised by the parties.
 

 ¶14 We note, however, that even if a juvenile court proceeds with an accelerated severance hearing following a parent's waiver of rights under Rule 64(C), DCS must still prove, by clear and convincing evidence, the underlying statutory severance ground and, by a preponderance of the evidence, that severance is in the child's best interest.
 
 See, e.g.
 
 , § 8-533 ;
 
 Michael J. v. Ariz. Dep't of Econ. Sec.
 
 ,
 
 196 Ariz. 246
 
 , 248-49 ¶ 12,
 
 995 P.2d 682
 
 , 684-85 (2000). Moreover, in certain circumstances, parents are allowed at least six months, or as many as fifteen months, to resolve issues before DCS files a motion to sever parental rights.
 
 See
 
 § 8-533(B)(8)(a)-(c). We also emphasize, as we did in
 
 Brenda D.
 
 , that juvenile courts' authority to accelerate termination hearings under Rule 64(C) is discretionary.
 
 243 Ariz. at
 
 448 ¶ 40,
 
 410 P.3d at 430
 
 . When exercising this discretion,
 courts should consider a parent's willingness to participate in the case, including availing themselves of services intended to remedy the issues leading to dependency, and the stage of the process.
 

 ¶15 We consider only whether the meritorious defense requirement infringes a parent's due process rights in the context of a Rule 46(E) motion to set aside a severance judgment entered after a Rule 64(C) accelerated hearing. We note, however, that the juvenile court did not consider, much less impose, a meritorious defense requirement on Mother; rather, the court reinstated the severance order because Mother failed to show good cause for her nonappearance at the January hearing. But because the court of appeals sua sponte raised the meritorious defense issue, and the issue is a recurring one of statewide importance and is fully briefed, we exercise our discretion to review it.
 
 See
 

 Marianne N. v. Dep't of Child Safety
 
 ,
 
 243 Ariz. 53
 
 , 56 ¶ 13,
 
 401 P.3d 1002
 
 , 1005 (2017) ;
 
 Jimenez v. Sears, Roebuck & Co.
 
 ,
 
 183 Ariz. 399
 
 , 406 n.9,
 
 904 P.2d 861
 
 , 868 (1995).
 

 III.
 

 ¶16 We review de novo whether requiring parents to show a meritorious defense to set aside a judgment entered after a Rule 64(C) accelerated severance procedure violates parents' rights to due process.
 
 See
 

 Brenda D.
 
 , 243 Ariz. at 442 ¶ 15,
 
 410 P.3d at 424
 
 (noting constitutional claims are reviewed de novo).
 

 A.
 

 ¶17 Rule 64(C) (which applies to initial hearings, pretrial conferences, status conferences, or termination adjudication hearings), Rule 65(C) (which applies to the initial termination hearings), and Rule 66(D)(2) (which applies to final severance hearings) establish the procedures if a parent fails to appear without "good cause." The court of appeals reasoned that the "good cause" standard varies between Rules 64(C), 65(C), and 66(D)(2) because the "procedures and rights at stake in these rules are distinctly different."
 
 Trisha A.
 
 ,
 
 245 Ariz. at
 
 30 ¶ 14,
 
 424 P.3d at 431
 
 . But the standard for good cause under these rules should be consistent because the language of these rules is identical or substantially similar, and Rule 64(C) pertains to all types of hearings, including initial hearings, pretrial and status conferences, and termination adjudication hearings.
 
 See
 
 Antonin Scalia & Bryan A. Garner,
 
 Reading Law
 
 170 (2012) (explaining under the presumption of consistent usage canon that "[a] word or phrase is presumed to bear the same meaning throughout a text"). Notably, in
 
 Marianne N. v. Department of Child Safety
 
 , we observed that, upon acceleration, the termination hearing becomes a severance hearing under A.R.S. § 8-863. 243 Ariz. at 58 ¶ 22,
 
 401 P.3d at 1007
 
 ("When the juvenile court 'go[es] forward' [under Rule 64(C) ] with the adjudication termination hearing in the parent's absence, it can proceed as contemplated by § 8-863(C)...." (first alteration in original)). Consequently, we reject the court of appeals' conclusion that the "good cause" standard varies between these rules.
 

 ¶18 Rule 46(E), which governs motions in juvenile court to set aside judgments in dependency, guardianship, and terminations of parental rights, expressly requires that a motion to set aside a juvenile court's judgment conform to the requirements of Arizona Rule of Civil Procedure 60(b)-(d).
 
 See
 
 Ariz. R.P. Juv. Ct. 46(E). Arizona Rule of Civil Procedure 60(b) ("Civil Rule 60(b)"), in turn, sets forth the requirements for relief from civil judgments and orders, namely, six grounds a party can rely upon to set aside a judgment. Although Civil Rule 60(b) does not expressly include a meritorious defense requirement, we have interpreted the rule (and its antecedents) since territorial times to require a party seeking to set aside a judgment to also prove a meritorious defense.
 
 See, e.g.
 
 ,
 
 Gonzalez v. Nguyen
 
 ,
 
 243 Ariz. 531
 
 , 534 ¶ 12,
 
 414 P.3d 1163
 
 , 1166 (2018) ("[W]e have consistently bounded a trial court's discretion under [Civil Rule 60(b)(6)] by requiring a defendant to assert a meritorious defense.");
 
 Daou v. Harris
 
 ,
 
 139 Ariz. 353
 
 , 358-59,
 
 678 P.2d 934
 
 , 939-40 (1984) (stating that Civil Rule 60(b) requires a showing of a meritorious defense);
 
 Hirsch v. Nat'l Van Lines, Inc.
 
 ,
 
 136 Ariz. 304
 
 , 309,
 
 666 P.2d 49
 
 , 54 (1983) (requiring a meritorious defense when alleging
 excusable neglect under Civil Rule 60(b)(1));
 
 DeHoney v. Hernandez
 
 ,
 
 122 Ariz. 367
 
 , 371,
 
 595 P.2d 159
 
 , 163 (1979) (same);
 
 Copper King of Ariz. v. Johnson
 
 ,
 
 9 Ariz. 67
 
 , 71-72,
 
 76 P. 594
 
 (1904) (noting that it is a "well-settled requirement[ ] of law" that a motion to set aside a judgment be supported by a meritorious defense "in order that injustice may not be done in granting a new trial where no valid cause of action or defense exists"). Thus, Rule 46(E), by reference to Civil Rule 60(b) and as interpreted by this Court, includes a meritorious defense requirement.
 

 ¶19 Consistent with Rule 46(E) and the caselaw governing Civil Rule 60(b),
 
 Christy A.
 
 held that a parent who fails to appear at a final severance hearing must show "good cause" for the nonappearance and a meritorious defense to the severance grounds to set aside a "default" judgment entered under Rule 66(D)(2).
 
 217 Ariz. at
 
 304 ¶ 16,
 
 173 P.3d at 468
 
 . Here, the court of appeals expressly declined to extend
 
 Christy A.
 
 's holding to judgments entered after a hearing accelerated under Rule 64(C).
 
 Trisha A.
 
 ,
 
 245 Ariz. at
 
 32 ¶ 22,
 
 424 P.3d at 433
 
 . The meritorious defense requirement does not arise from
 
 Christy A
 
 ., but rather from Rule 46(E) 's express incorporation of Civil Rule 60(b)'s requirements and the longstanding caselaw interpreting it. In sum, a parent seeking to set aside a severance judgment entered after failing to appear at the final severance hearing-including one accelerated by Rule 64(C) -must show "good cause" for the nonappearance and a meritorious defense.
 

 B.
 

 ¶20 The court of appeals also seemingly conflated "good cause" under Rules 64(C), 65(C)(6)(c), and 66(D)(2) with the "good cause" required to set aside a severance judgment under Rule 46(E). But the "good cause" required under Rules 64(C), 65(C)(6)(c), and 66(D)(2) differs from that required under Rule 46(E) because the rules operate in different contexts.
 

 ¶21 A showing of "good cause" under Rules 64(C), 65(C)(6)(c), and 66(D)(2) does not include a meritorious defense requirement because the "good cause" inquiry centers on the justification for nonappearance at a hearing and necessarily precedes a final severance judgment.
 
 See
 

 Brenda D.
 
 , 243 Ariz. at 444 ¶ 23,
 
 410 P.3d at 426
 
 ("[T]o avoid due process concerns, a juvenile court's discretionary finding of waiver based on a parent's failure to appear for a termination adjudication hearing should be made at the start of the hearing, before the proceeding commences."). Thus, parents who appear before the end of a hearing, as in
 
 Brenda D.
 
 , are not required to show a meritorious defense because they are not seeking to set aside a judgment but rather to establish good cause for their late appearance to avoid waiver of their rights occurring prior to their appearance.
 
 See
 

 id.
 

 at 448 ¶ 41,
 
 410 P.3d at 430
 
 (noting that "[i]f ... the parent does appear late but during the hearing, the juvenile court should immediately halt the proceedings to determine whether the parent can show 'good cause' for his or her late arrival under Rule 66(D)(2)").
 

 ¶22 Rule 46(E), by contrast, governs the standard for setting aside judgments, including those resulting from hearings under Rules 64(C), 65(C)(6)(c), and 66(D)(2), in dependency, guardianship, and terminations of parental rights. As such, Rule 46(E) informs the court's decision whether to set aside a severance order as a final judgment.
 
 See
 
 Ariz. R.P. Juv. Ct. 46(E) (citing Ariz. R. Civ. P. 60(c)(2) (stating that a motion to set aside a judgment "does not affect the judgment's finality or suspend its operation")). At this procedural stage, a parent must provide "good cause" for their nonappearance
 
 and
 
 prove a meritorious defense. A parent must show a meritorious defense under Rule 46(E) because the motion to set aside seeks to overcome the presumptively valid judgment's finality. The purpose of this requirement is manifest-a child who has been abused or neglected requires permanency and stability, and a severance judgment should not be disturbed without a legitimate basis.
 

 ¶23 The dissent contends that the majority errs in "import[ing]" the meritorious defense requirement into Rule 46(E) because Civil Rule 60(b) does not expressly require the meritorious defense, it "makes considerably
 less sense" in the parental-rights context, and a Rule 64(C) severance judgment, unlike a civil default judgment, lacks finality unless a parent fails to show good cause for nonappearance at a hearing.
 
 Infra
 
 ¶¶ 49-60. We disagree for several reasons. First, Rule 46(E) 's incorporation of Civil Rule 60(b)'s "requirements" is unqualified and, as noted,
 
 supra
 
 ¶ 18, this Court has interpreted Civil Rule 60(b) to require a meritorious defense since territorial times, well before Rule 46(E) incorporated its standards. Second, the rationale for requiring a party to articulate a valid justification before setting aside a final judgment-whether a civil litigant or a parent in a parental-rights action-applies with equal force because it implicates finality interests. Finally, Rule 46(E) 's incorporation of Civil Rule 60(c)(2), which provides that a motion to set aside a judgment "does not affect the judgment's finality or suspend its operation," belies the notion that the finality of a Rule 64(C) and a civil default judgment differ.
 

 C.
 

 ¶24 Having established Rule 46(E) 's meritorious defense requirement and its applicable standards, we turn to the court of appeals' holding that the requirement, as applied to a motion to set aside a severance order entered after a final hearing accelerated by Rule 64(C), necessarily infringes a parent's due process right to a fundamentally fair proceeding under
 
 Mathews v. Eldridge
 
 ,
 
 424 U.S. 319
 
 ,
 
 96 S.Ct. 893
 
 ,
 
 47 L.Ed.2d 18
 
 (1976), and
 
 Lassiter v. Department of Social Services
 
 ,
 
 452 U.S. 18
 
 ,
 
 101 S.Ct. 2153
 
 ,
 
 68 L.Ed.2d 640
 
 (1981).
 
 Trisha A.
 
 ,
 
 245 Ariz. at
 
 33-34 ¶¶ 24-28,
 
 424 P.3d at 434-35
 
 . We hold that the meritorious defense requirement does not violate parents' due process rights.
 

 ¶25 "Parents possess a fundamental liberty interest in the care, custody, and management of their children," but "parental rights are not absolute," and "[a] court may order severance of parental rights under certain circumstances, so long as the parents whose rights are to be severed are provided with 'fundamentally fair procedures' that satisfy due process requirements."
 
 Kent K. v. Bobby M
 
 .,
 
 210 Ariz. 279
 
 , 284 ¶ 24,
 
 110 P.3d 1013
 
 , 1018 (2005) (quoting
 
 Santosky v. Kramer
 
 ,
 
 455 U.S. 745
 
 , 753-54,
 
 102 S.Ct. 1388
 
 ,
 
 71 L.Ed.2d 599
 
 (1982) ). To determine whether a parent received a fundamentally fair proceeding, we consider and balance the parent's affected interest, the risk of erroneous deprivation of the parent's interest, and the state's interest.
 
 See
 

 Mathews
 
 ,
 
 424 U.S. at 335
 
 ,
 
 96 S.Ct. 893
 
 .
 

 ¶26 As a prerequisite to setting aside a judgment or order, the meritorious defense requirement presents a minimal burden, "requiring only 'some legal justification for the exercise of the power, some substantial evidence to support it.' "
 
 Gonzalez
 
 , 243 Ariz. at 534 ¶ 12,
 
 414 P.3d at 1166
 
 (quoting
 
 Richas v. Superior Court
 
 ,
 
 133 Ariz. 512
 
 , 514,
 
 652 P.2d 1035
 
 , 1037 (1982) ). Stated differently, proving a meritorious defense requires no more than showing a "substantial defense to the action,"
 
 Richas
 
 ,
 
 133 Ariz. at 517
 
 ,
 
 652 P.2d at 1040
 
 (quoting
 
 Union Oil Co. of Cal. v. Hudson Oil Co.
 
 ,
 
 131 Ariz. 285
 
 , 289,
 
 640 P.2d 847
 
 , 851 (1982) ), that is not "facially unmeritorious,"
 
 Emcasco Ins. v. Sambrick
 
 ,
 
 834 F.2d 71
 
 , 74 (3d Cir. 1987) (quoting
 
 Gross v. Stereo Component Sys., Inc.
 
 ,
 
 700 F.2d 120
 
 , 123 (3d Cir. 1983) ).
 

 ¶27 The Rule 46(E) meritorious defense requirement does not violate a parent's rights under
 
 Mathews
 
 . First, although the requirement implicates a parent's interest at stake under the first
 
 Mathews
 
 factor-the care, custody, and management of the child-it applies only after parental rights have been severed. In other words, contrary to the dissent's contention that we must take a "holistic view" of the entire termination process, including Rule 64(C), to determine the constitutionality of the meritorious defense requirement,
 
 infra
 
 ¶ 63, Rule 46(E) 's discretionary relief is separate from the due process rights afforded in the underlying severance proceedings.
 
 Cf.
 

 Ramos-Portillo v. Barr
 
 ,
 
 919 F.3d 955
 
 , 963 (5th Cir. 2019) (holding that, in the context of denying a motion to reopen an immigration appeal, the "denial of discretionary relief does not rise to the level of a constitutional violation even if [the moving party] had been eligible for it" (alteration in original) (quoting
 
 Altamirano-Lopez v. Gonzales
 
 ,
 
 435 F.3d 547
 
 , 550 (5th Cir. 2006) )). This conclusion is bolstered by the fact that, unlike constitutional claims, we review the denial of a motion to set aside a judgment for abuse of discretion.
 
 Gonzalez
 
 , 243 Ariz. at 533 ¶ 8,
 
 414 P.3d at
 
 1165 ;
 
 see also
 

 id.
 

 at 534 ¶ 11,
 
 414 P.3d at 1166
 
 (noting that Civil Rule 60(b)(1) invests "extensive discretion in trial courts"). Thus, the meritorious defense requirement's minimal burden placed upon a parent's Rule 46(E) discretionary relief following an otherwise constitutional severance of parental rights does not infringe her due process rights.
 
 Cf.
 

 Peralta v. Heights Med. Ctr., Inc.
 
 ,
 
 485 U.S. 80
 
 , 86-87,
 
 108 S.Ct. 896
 
 ,
 
 99 L.Ed.2d 75
 
 (1988) (holding that the meritorious defense requirement was not required to support a motion to set aside a default judgment because the movant's due process rights were violated by lack of notice of the underlying suit).
 

 ¶28 The meritorious defense requirement does not evince a heightened risk of an erroneous deprivation of a parent's rights under the second
 
 Mathews
 
 factor. The court of appeals concluded, however, that the requirement presents a significant risk of an erroneous severance of parental rights because, at a Rule 64(C) accelerated severance hearing, the parent's attorney may be ill-prepared to present the parent's defense and the parent may be deprived of an opportunity to remedy the issue that led to the dependency.
 
 Trisha A.
 
 ,
 
 245 Ariz. at
 
 33-34 ¶¶ 26-27,
 
 424 P.3d at 434-35
 
 . But this observation, like the dissent, conflates perceived due process risks associated with an accelerated severance hearing-an attorney's time to prepare a defense and the parent's opportunity to remedy parenting deficiencies (an issue not before this Court)-with whether the meritorious defense requirement for setting aside a judgment facially comports with due process.
 

 ¶29 As noted,
 
 supra
 
 ¶ 26, the meritorious defense requirement on a motion to set aside a judgment does not present an insurmountable hurdle but rather only a "minimal" burden.
 
 Gonzalez
 
 , 243 Ariz. at 534 ¶ 12,
 
 414 P.3d at 1166
 
 (quoting
 
 United States v. Aguilar
 
 ,
 
 782 F.3d 1101
 
 , 1108 (9th Cir. 2015) ). In fact, to satisfy this requirement, the parent would have to demonstrate no more than a substantial, facially meritorious defense to the proven severance ground.
 
 See
 

 Richas
 
 ,
 
 133 Ariz. at 517
 
 ,
 
 652 P.2d at 1040
 
 . An attorney at all familiar with a parent's case could, within three months after severance, articulate a meritorious defense if one exists.
 
 See
 
 Ariz. R.P. Juv. Ct. 46(E) (providing that a moving party alleging grounds pursuant to Civil Rule 60(b)(1)-(3) must file a motion to set aside within three months of the final judgment). Further, an accelerated severance hearing would not unfairly deprive a parent of an opportunity to remedy the issues that led to the dependency because, as noted,
 
 supra
 
 ¶ 14, in some circumstances the parent would have had between six to fifteen months to remedy such issues prior to a severance proceeding. In any event, the meritorious defense requirement has no bearing on the parent's pre-severance rehabilitation because it applies only after entry of a severance judgment. We are not convinced that the meritorious defense requirement presents a constitutionally impermissible heightened risk of an erroneous deprivation of parental rights.
 

 ¶30 The third
 
 Mathews
 
 factor-the state's interest in protecting children from harm and providing them with timely stability and permanency through the orderly adjudication and finality in Rule 64(C) accelerated hearings-militates in favor of maintaining the meritorious defense requirement. The requirement balances the parties' rights and children's interests, including a child's need for timely permanency. Moreover, once a court finds grounds for termination of parental rights, the interests of the child and the parent diverge, which is why the children in this case were assigned a guardian ad litem.
 
 See
 

 Demetrius L. v. Joshlynn F.
 
 ,
 
 239 Ariz. 1
 
 , 4 ¶ 15,
 
 365 P.3d 353
 
 , 356 (2016) ;
 
 see generally
 

 supra
 
 ¶ 9. Requiring a parent whose rights have been severed by constitutionally permissible procedures to demonstrate good cause for a nonappearance and a non-frivolous substantial defense as a condition for setting aside a severance order does not impose an undue burden on the parent. This is especially so when the meritorious defense requirement's "minimal burden" is juxtaposed with the state's and children's important interest in a timely and final resolution of termination proceedings.
 

 IV.
 

 ¶31 Requiring a meritorious defense in a Rule 46(E) motion to set aside a severance judgment following a Rule 64(C) accelerated hearing does not violate due process, and it also did not result in the severance of parental rights here. Mother failed for sixteen months after the dependency to meaningfully communicate with her children, to provide for their needs, or to make meaningful efforts to achieve sobriety. Further, despite notice, she failed to appear, without good cause, at her final January pretrial conference and at a February hearing scheduled to determine whether to set aside severance of her parental rights as a result of her nonappearance at the January hearing. Mother's choices and actions and inaction over a year and a half, not the requirement that she show a meritorious defense to set aside the severance judgment, led to severance of her parental rights.
 

 ¶32 On this record, the juvenile court did not abuse its discretion by finding that Mother failed to show good cause for her nonappearance at the January hearing and, even if the juvenile court had applied the meritorious defense requirement to her Rule 46(E) motion, Mother did not identify a non-frivolous defense to the severance grounds resulting in the loss of her parental rights. Accordingly, we affirm the juvenile court's severance order and vacate the court of appeals' opinion.