NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO B.M.

No. 1 CA-JV 25-0195

FILED 05-14-2026

---

Appeal from the Superior Court in Maricopa County
No. JD19379, JS22510
The Honorable Keith A. Miller, Judge

**AFFIRMED**

---

COUNSEL

Bernice M., Glendale
*Appellant*

Arizona Attorney General's Office, Mesa
By Veronica F. Rios
*Counsel for Appellee DCS*

Law Office of Lincoln Green Jr., PC, Scottsdale
By Lincoln Green
*Counsel for Appellee B.M.*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Andrew J. Becke joined.

---

**C A T T A N I**, Judge:

¶1  Bernice M. ("Mother") appeals the denial of her motion to set aside termination of her parental rights to her child B.M. ("Child"). We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2  Child was born in February 2022; Mother and Jose M. ("Father") are his biological parents.[1]

¶3  Mother has a history of methamphetamine use spanning 30 years. As a result, her parental rights to five other children have previously been terminated.

¶4  The Department of Child Safety ("DCS") first took Child into care in March 2023 based on substance abuse concerns, and he remained in care as a dependent child until late 2024. By October 2024, Mother had shown five months of sobriety, with ongoing substance abuse treatment. She successfully completed parenting classes, and she had progressed to unsupervised and overnight parenting time with Child. At DCS's request, the court ordered Child returned to Mother's physical custody, and in early November 2024, the court dismissed the dependency.

¶5  Just one week later, Mother relapsed on methamphetamine and left Child with grandmother. Over the next several weeks, Child resided with his former kinship placement, and Mother had no contact with him. In early January 2025, Mother met with Child's caregivers to complete a power of attorney. When Mother arrived, however, she was hallucinating and behaving erratically, apparently under the influence of methamphetamine, and she attempted to take Child. Mother ultimately left without Child, and DCS was contacted.

¶6  In January 2025, DCS filed concurrent dependency and termination petitions, but was unable to locate or contact Mother. After multiple service attempts and a diligent but unsuccessful investigation to locate Mother, DCS served her with notice of the dependency and termination proceedings by publication. *See* Ariz. R.P. Juv. Ct. 351(d)(1)(B)(i); Ariz. R. Civ. P. 4.1(*l*). Noting that Mother's assigned counsel (who had represented her in the previous dependency) had likewise been unable to contact Mother, the superior court found service by publication

---

[1]  Father's parental rights were also terminated, but he is not a party to this appeal.

to be complete. After an evidentiary hearing at which the court concluded that Mother had failed to appear without good cause, the court terminated her parental rights to Child on grounds of chronic substance abuse, 15 months' out-of-home placement, and prior removal. *See* A.R.S. § 8-533(B)(3), (8)(c), (11).

**¶7**         Nearly three months later, Mother filed a motion to set aside the termination ruling. Mother asserted that she had not been served and had no idea about the proceedings until after the fact, noting that she was unable to communicate after her phone broke and that she was homeless and had been incarcerated. The court denied the motion, finding that Mother had neither stated good cause for failing to appear nor presented a meritorious defense to the termination ruling.

**¶8**         Mother timely appealed. We have jurisdiction under A.R.S. § 8-235(A). *See also* Ariz. R.P. Juv. Ct. 601(a), (b)(2)(L).

## DISCUSSION

**¶9**         To justify setting aside a final termination order, a parent who failed to appear for the termination hearing must show both good cause for their nonappearance and a meritorious defense to the termination. *Trisha A. v. Dep't of Child Safety*, 247 Ariz. 84, 89, ¶ 22 (2019). We review the superior court's denial of a motion to set aside for an abuse of discretion. *Id.* at 92, ¶ 32; *Royce C. v. Dep't of Child Safety*, 252 Ariz. 129, 134, ¶ 7 (App. 2021). Mother has shown no such error here.[2]

**¶10**         To establish good cause for her nonappearance, Mother was required to show "mistake, inadvertence, surprise or excusable neglect." *See Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16 (App. 2007); *see also* Ariz. R.P. Juv. Ct. 318(c) (cross-referencing grounds stated in Civil Rule 60); Ariz. R. Civ. P. 60(b)(1). Mother argues that her nonappearance should be excused because she alleges she attempted to contact DCS offices by mail and by phone (albeit unsuccessfully) while she was incarcerated. But she fails to detail when this occurred, and the record reflects that Mother was not incarcerated for at least several weeks after Child's removal. Mother further asserts that she was unable to communicate after her phone broke and others (Father and her mother) failed to pass along the messages she tried to send. But she appears to have conceded that she was

---

[2]         Noting that the best interests of a child are at issue, we decline DCS's request to treat Mother's arguments as waived for failure to cite the record or legal authority. *Cf. Hays v. Gama*, 205 Ariz. 99, 102–03, ¶ 18 (2003).

aware of DCS's involvement as of January 2025, and she does not meaningfully explain how or why she was unable to contact DCS at all over the next four months, particularly in light of her experience interacting with DCS over the previous year.

**¶11** To meet the meritorious defense requirement, Mother was required to show a "substantial defense" to the proven termination ground "that is not 'facially unmeritorious.'" *Trisha A.*, 247 Ariz. at 90–91, ¶¶ 26, 29 (citations omitted); *Christy A.*, 217 Ariz. at 304, ¶ 15 n.11 (characterizing a meritorious defense as a "good faith basis upon which to contend that the petitioner cannot prove a statutory basis for termination and/or that termination is not in the best interests of the child"). Mother asserts that she made a responsible choice to ask for help with Child while she was homeless and that Father interfered by stonewalling her attempts to communicate and having her incarcerated. She alleges that she was stable and able to provide for Child before, and that she is so again. But Mother did not meaningfully address the renewed substance abuse concerns underlying the termination, and the superior court did not err by finding Mother's bare assertion of stability to be insufficient to warrant relief. *See Royce C.*, 252 Ariz. at 134, ¶ 7.

## CONCLUSION

**¶12** We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR