NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ELBERT H., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, B.H., *Appellees*.

No. 1 CA-JV 19-0301
FILED 3-26-2020

Appeal from the Superior Court in Maricopa County
No. JS519249
JD531876
The Honorable David K. Udall, Judge

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

¶1        Elbert H. ("Father") appeals from a juvenile court order terminating his parental relationship to his child, Brenda. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        The Department of Child Safety ("DCS") began to investigate Father and Brenda's mother, Charla V. ("Mother"), when it received a report that Brenda was born substance exposed to methamphetamine.[1] DCS learned Mother tested positive for methamphetamine before and at Brenda's birth. Further, DCS discovered Father had a history of substance abuse. During a meeting with DCS, Father appeared to be under the influence of drugs, and he refused to submit to a drug test. DCS took temporary custody of Brenda and filed an out-of-home dependency petition alleging, *inter alia*, Father was unable to parent because of his substance abuse and his failure to establish his paternity.

¶3        Over the next several months, Father was present and contested the allegations in the dependency petition. Additionally, Father participated in paternity testing that conclusively determined he is Brenda's biological father.

¶4        Given Father's lack of progress to remedy the circumstances causing Brenda to be in out-of-home care, DCS petitioned to terminate Father's parental relationship to Brenda under Arizona Revised Statutes ("A.R.S.") sections 8-533(B)(6) (notice of a claim of paternity) and -533(B)(8)(b) (six months' time-in-care). In the petition, DCS alleged, among other things, that Father refused to participate in services related to

---

[1]        Mother's parental rights to Brenda were terminated in the same proceeding, but she is not a party to this appeal.

its concerns of domestic violence, mental health, and substance abuse. On April 12, 2019, DCS served Father with the petition for termination and the notice of hearing on the petition ("Notice"). The Notice informed Father of the date for the initial severance hearing, and of his obligation to attend all hearings, specifically:

> You have a right to appear as a party in this proceeding. You are advised that your failure to personally appear in court at the initial hearing, pretrial conference, status conference or termination adjudication, without good cause shown, may result in a finding that you have waived your legal rights and have admitted the allegations in the Petition. In addition, if you fail to appear without good cause, the hearing may go forward in your absence and may result in termination of your parental rights based upon the record and the evidence presented to the Court.

Father was present at the initial termination hearing, at which the juvenile court scheduled a pretrial conference for August 23, 2019.

¶5            Father failed to appear at the pretrial conference. DCS requested the juvenile court determine whether Father had good cause for his absence, and if not, proceed with a termination hearing. Upon questioning by the juvenile court, Father's counsel did not have good cause to explain Father's absence. Father's counsel and the guardian *ad litem* nevertheless objected to any default and requested that the juvenile court confirm the scheduled trial date. After a brief recess, the juvenile court found Father had failed to appear without good cause, and DCS had made reasonable efforts to finalize the permanency plan for Brenda. The juvenile court then proceeded to hold a joint dependency and termination hearing.

¶6            DCS called Father's case manager to testify concerning the allegations in the termination petition for six months' time-in-care. The case manager testified that: (1) Brenda was under three years old when the petition was filed and had been in an out-of-home placement for a period longer than six months; (2) Father participated in an initial consult where DCS determined it could not offer additional mental health and parent-aide services until Father established sobriety; and (3) even though Father regularly attended visits with Brenda, Father had refused to submit to drug testing to establish sobriety. The case manager opined that termination of Father's parental relationship was in Brenda's best interests because her current placement was meeting her needs, termination would provide her

with permanency and stability, she was currently in an adoptive placement, and she was otherwise adoptable.

¶7        The juvenile court found that DCS had proven the six months' time-in-care ground and issued an order terminating Father's parental rights. Father filed a motion to set aside the termination order arguing there was good cause to excuse his absence because the stress and emotion of his great-aunt's passing led Father to forget the date of the proceeding. The juvenile court denied the motion. Father appealed, and we have jurisdiction under A.R.S. § 8-235(A) and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

¶8        Father argues the juvenile court abused its discretion by denying his motion to set aside the termination order. Father contends the juvenile court should have accepted his excuse for failing to appear—that he was stressed and emotional from the passing of his great-aunt and incorrectly remembered the hearing date—and granted the motion. To prevail on a motion to set aside, a parent must demonstrate "'good cause' for their nonappearance *and* prove a meritorious defense." *Trisha A. v. DCS*, 247 Ariz. 84, 89, ¶ 22 (2019); *see* Ariz. R.P. Juv. Ct. 46(E); Ariz. R. Civ. P. 60(b). We review the juvenile court's denial of a motion to set aside for an abuse of discretion, *Trisha A.*, 247 Ariz. at 91, ¶ 27, and reverse only if "the juvenile court's exercise of that discretion was 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons,'" *Adrian E. v. ADES*, 215 Ariz. 96, 101, ¶ 15 (App. 2007) (quoting *Lashonda M. v. ADES*, 210 Ariz. 77, 83, ¶ 19 (App. 2005)).

¶9        A parent can challenge a termination by default by filing a motion to set aside the judgment alleging good cause for their nonappearance and a meritorious defense. *Trisha A.*, 247 Ariz. at 89, ¶ 22; Ariz. R.P. Juv. Ct. 46(E). To demonstrate good cause for an absence, a parent must show that "mistake, inadvertence, surprise or excusable neglect exists." *Christy A. v. ADES*, 217 Ariz. 299, 304, ¶ 16 (App. 2007). "Excusable neglect exists if the neglect or inadvertence 'is such as might be the act of a reasonably prudent person in the same circumstances.'" *Id.* (quoting *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993)). "The juvenile court is in the best position to make discretionary findings such as what constitutes good cause for failure to appear." *Bob H. v. ADES*, 225 Ariz. 279, 282, ¶ 12 (App. 2010).

¶10     In his motion to set aside, Father informed the juvenile court of his great-aunt's passing and his alleged mistake in failing to remember the date of the pretrial conference. The motion did not detail when Father's great-aunt passed, or allege an unavoidable event related to her passing that forced him to miss the hearing. Instead, Father only claimed that the emotional turmoil surrounding his great-aunt's death caused him to forget when the hearing was scheduled. Under these circumstances, the juvenile court was within its discretion to conclude Father's forgetfulness was not good cause excusing his failure to appear.

¶11     Father further argues that in his motion to set aside, he "advanced a meritorious defense to rebut [DCS]'s ground for termination by arguing that [DCS] lacked the evidence necessary to prove the grounds for termination." To show a meritorious defense, a parent must show a "substantial defense to the [termination]' that is not facially unmeritorious." *Trisha A.*, 247 Ariz. at 90, ¶ 26 (citations omitted) (quotations omitted). Father does not set forth the factual support or analysis for this argument within his opening brief. Thus, Father has abandoned and waived this claim. Ariz. R. Civ. App. P. 13(a)(6)–(7); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (failure to present and address argument supported by authority can constitute waiver and abandonment of the argument).

**CONCLUSION**

¶12     We affirm the order terminating Father's parental relationship to Brenda.



5