NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO A.C.

No. 1 CA-JV 23-0113
FILED 10-17-2023

---

Appeal from the Superior Court in Maricopa County
No. JS21558
The Honorable Thomas Marquoit, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Jamie R. Heller
*Counsel for Appellant LeRoy C.*

Danielle C., Protected Address
*Appellee*

Law Office of Ed Johnson PLLC, Peoria
By Edward D. Johnson
*Counsel for Appellee A.C.*

## MEMORANDUM DECISION

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Michael S. Catlett and Judge Maria Elena Cruz joined.

W E I N Z W E I G, Judge:

**¶1**        Leroy C. ("Father") appeals the juvenile court's order terminating his parental rights to his daughter A.C. ("Child"). We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Father and Danielle C. ("Mother") are the biological parents of Child, born in September 2014. Father was incarcerated in February 2018 and is serving a lifetime prison sentence for "murder in the 1st degree, kidnapping, aggravated assault, misconduct involving weapons and child/adult abuse."

**¶3**        Mother petitioned to terminate Father's parental rights in February 2023, alleging abandonment and felony convictions. Less than two months later, Father remotely participated from prison in the initial severance hearing. The juvenile court read Form 4 aloud during the hearing, informing Father of his right to counsel and his responsibility to appear in court for proceedings. It also warned Father that the severance hearing may continue in his absence if he failed to appear. The court postponed the initial severance hearing for a week (to April 19) so Father could be represented by an attorney. It also appointed counsel for Father and ordered that Father could appear telephonically at the hearing.

**¶4**        Seven days later, the juvenile court held the continued initial severance hearing as scheduled. Father did not appear. Father's counsel avowed he was unable to contact Father, but added that Father's incarceration was good cause for his nonappearance. The court found Father was properly served, had actual notice of the severance hearing and knew of the consequences for failure to appear. The juvenile court moved forward with the hearing and found that "[F]ather ha[d] failed to appear without good cause but [the court was] willing to revisit that issue if a [m]otion [was] filed indicating good cause for [F]ather's non-appearance." The court ordered that "any motion regarding the issue of good cause for failure to appear must be filed within two (2) weeks from today's date." A

week later, Father's counsel moved to set aside the findings from the April 19 hearing, alleging good cause based only on incarceration.

¶5         The court denied Father's motion, reasoning that incarceration alone did not qualify as good cause because Father had previously appeared while incarcerated, and Father did not explain why he was prevented from appearing in this instance.  The court then terminated Father's parental rights on grounds of abandonment and nature of felony offense.  The court noted that Father "ha[d] not asserted his rights at any opportunity, such as through the family court, since his incarceration."  It also found "the nature of the offenses prove[d] [F]ather was or would be unfit to parent or assume parental responsibility."  It held that termination of Father's parental rights was in Child's best interests, too, because of Father's violent nature and the possibility of adoption by Mother's husband, whom Child had known for the past eight years.

¶6         Father timely appealed.  We have jurisdiction.  *See* Ariz. Const. art. 6, § 9; A.R.S. §§ 8-235(A), 12-120.21(A)(1) and -2101(A)(1); Ariz. R.P. Juv. Ct. 601.

## DISCUSSION

¶7         Father argues the juvenile court erred when it found he lacked good cause for his failure to appear.  We review that finding for an abuse of discretion.  *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007).  We reverse only if the juvenile court's decision was "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons."  *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 83, ¶ 19 (App. 2005) (citation omitted).

¶8         Absent good cause, the "failure to appear at the initial hearing . . . may result in a finding that the parent . . . has waived legal rights."  Ariz. R.P. Juv. Ct. 351(c)(2)(A).  A finding of waiver may be set aside if a parent shows "good cause" for failing to appear.  *Trisha A. v. Dep't of Child Safety*, 247 Ariz. 84, 89, ¶ 19 (2019) (courts may set aside waiver findings if parent shows good cause and a meritorious defense).  To establish good cause, the parent must show "mistake, inadvertence, surprise or excusable neglect."  *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16 (App. 2007).  Excusable neglect exists when "a reasonably prudent person" would do the same "in the same circumstances."  *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993).

¶9         Father failed to show good cause for his failure to appear.  For starters, he attended a court hearing from prison only seven days earlier.

His motion never explained what changed in that week to prevent his appearance at the severance hearing. Nor did Father show any evidence of his actions or efforts to attend that hearing. Next, Father had actual notice of the hearing's date and time, and he was warned the court could proceed without him if he failed to attend future hearings. *See Adrian E.*, 215 Ariz. at 100, ¶ 12 (when notice is proper, a juvenile court may proceed with the termination of parental rights if the parent fails to appear without showing good cause). The superior court did not err.

¶10 Father still argues the court violated his right to due process because his new counsel needed more time to prepare. We review that issue de novo. *Mack v. Cruikshank*, 196 Ariz. 541, 544, ¶ 6 (App. 1999). The court did not violate Father's due process rights. Father was told about the severance hearing and he was appointed counsel. Father's counsel appeared for the hearing, but Father did not. At that point, an accelerated hearing was appropriate. *See Adrian E.*, 215 Ariz. at 99, ¶ 10; *see also Marianne N. v. Dep't of Child Safety*, 243 Ariz. 53, 56, ¶ 16 (2017) ("[Rule 351(c)(2)(A)] implicitly authorizes the juvenile court to terminate parental rights by default if a parent fails to appear without good cause at [the initial hearing].").

**CONCLUSION**

¶11 We affirm.

