NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO S.C.

No. 1 CA-JV 23-0099
FILED 10-19-2023

---

Appeal from the Superior Court in Maricopa County
No. JD39828
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Public Advocate, Mesa
By Suzanne Sanchez
*Counsel for Appellant Mother*

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant Father*

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee Department of Child Safety*

Maricopa County Office of the Legal Advocate, Phoenix
By Amanda L. Adams
*Counsel for Appellee Child*

---

## MEMORANDUM DECISION

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge D. Steven Williams and Judge Samuel A. Thumma joined.

---

**M c M U R D I E**, Judge:

**¶1**        Mother and Father appeal from the superior court's order terminating their parental rights. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        Mother and Father have a history of substance abuse, leading to prior termination of parental rights to their other children. When she was about seven months pregnant with Samantha,[1] Mother tested positive for amphetamines and fentanyl. In August 2022, Samantha was born substance-exposed to methamphetamine, and Mother again tested positive for amphetamines.

**¶3**        The parents failed to submit random urinalysis testing for the Department of Child Safety ("the Department"). So the Department took Samantha into care and filed a dependency petition. The court adjudicated Samantha dependent when the parents failed to appear at a dependency hearing, and the court adopted a family reunification case plan.

**¶4**        The Department referred the parents for substance abuse testing and treatment, and visitation. The Department also asked the parents to engage in individual counseling through their insurance and offered them transportation assistance. But the parents failed to participate in services and did not visit Samantha.

**¶5**        As a result, at the Department's request, the court changed the case plan to severance and adoption, and the Department moved to terminate Mother's and Father's parental rights because of abandonment, substance abuse, and a previous termination. *See* A.R.S. § 8-533(B)(1), (3), (10). In January 2023, the parents attended a hearing, and the court read Form 4 of the Arizona Rules of Procedure for the Juvenile Court. The form states the parents are "required to appear for every hearing . . . including a

---

[1]      To protect the identity of the minor, we use a pseudonym.

pre-trial conference" and that if they failed to appear at a hearing without good cause, the "court may find that [they have] waived [their] rights" and "admitted the allegations in the motion." Ariz. R.P. Juv. Ct. Form 4. If they failed to appear, the court may proceed with the termination hearing and "terminate [their] parental rights" in their absence. *Id.* Mother and Father said that they understood the warning.

**¶6** The Department provided notice of the initial severance hearing, which again warned the parents that their parental rights could be terminated in their absence if they failed to appear without good cause. The parents appeared at the initial severance hearing when the court scheduled a combined pretrial conference and report and review.

**¶7** The parents failed to appear at the combined pretrial conference and report and review. The parents' counsel objected to accelerating the termination hearing but provided no good cause for the parents' absence. The superior court found the parents were properly served, had notice of the proceedings, and provided no good cause for their absence. The court, therefore, took evidence on the termination motion. It later issued a ruling terminating the parents' rights to Samantha on the grounds alleged.

**¶8** The parents appealed. This court has jurisdiction under A.R.S. § 8-235(A).

## DISCUSSION

**¶9** The parents do not challenge the court's finding that they lacked good cause for their nonappearance at the pretrial conference. Rather, they only argue that the superior court abused its discretion by conducting an accelerated termination trial. They assert that the court's decision denied them a "full and fair" hearing and was "unnecessarily harsh," violating their due process rights. Father also argues that the superior court erred by not expressly finding that he voluntarily waived his right to an adjudication.

**¶10** This court reviews the superior court's decision to proceed in the parents' absence for an abuse of discretion. *Lindsey M. v. Ariz. Dep't of Econ. Sec.*, 212 Ariz. 43, 46, ¶ 13 (App. 2006). Whether a party is afforded due process is a question of law we review *de novo*. *See Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 442, ¶ 15 (2018) (constitutional claims are reviewed *de novo*). Nonetheless, if a party fails to raise due process claims in the superior court, we will review only for fundamental error. *Id.* at 447, ¶ 37. Fundamental error requires a party to prove (1) an error occurred,

(2) the error goes to the foundation of a case, and (3) prejudice resulted. *Id.* at 447-48, ¶ 38.

**¶11** Although "[p]arents possess a fundamental liberty interest in the care, custody, and management of their children," a juvenile court may terminate parental rights "so long as the parents whose rights are to be severed are provided with 'fundamentally fair procedures' that satisfy due process requirements." *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005). "In termination proceedings, '[d]ue process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections.'" *Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 92, ¶ 16 (App. 2005) (quoting *Maricopa County Juv. Action No. JS-501904*, 180 Ariz. 348, 355 (App. 1994)). But a parent may waive procedural due process rights, including by nonappearance, so long as the waiver is "voluntary, knowing, and intelligent." *Manuel M. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 205, 211, ¶ 20 (App. 2008).

**¶12** To this end, a parent must be served, receive notice of the hearing, and be warned that failing to attend a pretrial conference could lead to an accelerated termination hearing and the loss of parental rights. A.R.S. § 8-535(D), (E)(3); Ariz. R.P. Juv. Ct. 351(c)(2); *see also Brenda D.*, 243 Ariz. at 442, ¶¶ 16-17. Assuming a parent has notice of the pretrial conference when a parent fails to appear without good cause, the superior court is allowed to "find [a] parent has waived [his or her] legal rights and is deemed to have admitted the allegations of the petition by the failure to appear." A.R.S. § 8-537(C); Ariz. R.P. Juv. Ct. 351(c)(2); *see also Brenda D.*, 243 Ariz. at 444, ¶ 24.

**¶13** A juvenile court's "authority to accelerate termination hearings . . . is discretionary." *Trisha A. v. Dep't of Child Safety*, 247 Ariz. 84, 87, ¶ 14 (2019). "When exercising this discretion, courts should consider a parent's willingness to participate in the case, including availing themselves of services intended to remedy the issues leading to dependency, and the stage of the process." *Id.* at 87-88, ¶ 14.

**¶14** We find no abuse of discretion in the superior court's decision to accelerate the termination hearing. The parents received the proper warnings and had notice of the pretrial conference. They offered no good cause for their absence.

**¶15** The superior court heard evidence of the parents' unwillingness to participate in the case. Before the pretrial conference, the

parents made no effort to remedy their substance abuse issues or reunite with Samantha, participating in neither services nor visitation. They also ignored the Department's outreach attempts. In doing so, the parents failed to establish a relationship with newborn Samantha.

**¶16**        As for their due process claims, the superior court held a hearing and received evidence, as required in an accelerated hearing. *See Trisha A.*, 247 Ariz. at 87-88, ¶ 14 (At an accelerated severance hearing, the Department must still prove its case.). Counsel for the parents was present and able to participate fully. And the court ensured the parents' absence was "voluntary, knowing, and intelligent" by giving them the requisite warnings and notice that they failed to abide. *See Manuel M.*, 218 Ariz. at 211, ¶ 20 (a parent's waiver of rights is knowing, voluntary, and intelligent if they are admonished of the consequences of failing to appear). There is no separate requirement that the court make an express finding of the same. *See* Ariz. R.P. Juv. Ct. 337(e) (The court must find a parent who fails to appear had notice of the hearing, was admonished about the consequences of failing to appear, and failed to show good cause for his absence.). We find no error.

## CONCLUSION

**¶17**        We affirm.

