NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO A.M.

No. 1 CA-JV 23-0096
FILED 12-28-2023

---

Appeal from the Superior Court in Maricopa County
No. JD32012
The Honorable Christopher Whitten, Judge

**AFFIRMED**

---

COUNSEL

Denise L. Carroll, Esq., Scottsdale
By Denise Lynn Carroll
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee Department of Child Safety*

Maricopa County Office of the Legal Advocate, Phoenix
By Amanda Adams
*Counsel for Appellee A.M.*

---

**MEMORANDUM DECISION**

---

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Brian Y. Furuya joined.

---

**B A I L E Y**, Judge:

¶1        Geovanny O. ("Father") appeals the superior court's order terminating his parental rights to A.M. ("the child"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the facts in the light most favorable to upholding the superior court's termination order. *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010).

¶3        The Department of Child Safety ("DCS") first removed the child from Father's care in November 2019. The superior court found the child dependent as to Father based on his substance abuse. After Father completed outpatient substance-abuse treatment, in April 2021, the superior court dismissed the dependency, and DCS returned the child to Father's care. But four months later, Father relapsed, and DCS again removed the child. DCS alleged the child was dependent as to Father based on his substance abuse and failure to provide a safe home environment. Father pled no contest to the allegations, and the superior court found the child dependent.

¶4        DCS provided Father with drug testing, referrals to substance-abuse treatment and individual counseling, parent-aide services, and supervised visitation with the child. Throughout the dependency, Father tested positive for methamphetamine and failed to participate consistently in substance-abuse treatment and counseling.

¶5        In September 2022, DCS moved to terminate Father's parental rights to the child on the grounds of chronic substance abuse and the child's prior removal from Father's care. *See* Ariz. Rev. Stat. ("A.R.S.") § 8-533(B)(3), (11). Following a pretrial conference, the superior court permitted DCS to file an amended petition, and, because Father speaks only Spanish, the court ordered DCS to translate the amended petition into Spanish. DCS ultimately amended the petition only five business days

before the termination hearing, adding the fifteen months' time-in-care ground. *See* A.R.S. § 8-533(B)(8)(c). DCS did not provide Father with a translated copy of the amended petition.

**¶6** At the start of the termination hearing, Father moved to continue the hearing because the amendment was untimely and had not been translated. The court allowed Father's counsel to discuss the amendment privately with Father through an interpreter, but otherwise denied the motion to continue.

**¶7** Father testified that he has been abusing drugs for over a decade and continued to use methamphetamine weekly. He acknowledged he was "in a bad place" and that the child should not be around him while he abused drugs. The DCS case manager testified that Father's participation in reunification services was "minimal at best" and that Father's continued substance abuse prevented him from properly parenting the child.

**¶8** Following the hearing, the superior court terminated Father's parental rights under the chronic substance abuse and fifteen months' time-in-care grounds. Father timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 8-235(A), 12-120.21(A)(1), and 12-2101(A)(1), and Rule 601(a) of the Arizona Rules of Procedure for the Juvenile Court.

## DISCUSSION

**¶9** We review the denial of a motion to continue for an abuse of discretion. *Yavapai Cnty. Juv. Action No. J-9365*, 157 Ariz. 497, 499 (App. 1988), *modified on other grounds by Maricopa Cnty. Juv. Action No. JS-7499*, 163 Ariz. 153, 157–58 (App. 1989). But we review due process claims de novo. *Trisha A. v. Dep't of Child Safety*, 247 Ariz. 84, 88, ¶ 16 (2019).

**¶10** Parental rights may be terminated only through "'fundamentally fair procedures' that satisfy due process requirements." *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24 (2005) (quoting *Santosky v. Kramer*, 455 U.S. 745, 754 (1982)). "Due process requires 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections.'" *Maricopa Cnty. Juv. Action No. JS-501904*, 180 Ariz. 348, 355 (App. 1994) (quoting *Maricopa Cnty. Juv. Action No. JS-734*, 25 Ariz. App. 333, 339 (1975)).

**¶11**      Father argues the superior court violated his right to due process by denying his motion to continue.  He contends that he lacked sufficient notice of the fifteen months' time-in-care ground, and the court was therefore required to grant a continuance to allow him to review the new allegations and prepare a defense.

**¶12**      But Father has not shown how any alleged error prejudiced him.  *See Volk v. Brame*, 235 Ariz. 462, 470, ¶ 26 (App. 2014) ("Due process errors require reversal only if a party is thereby prejudiced.").  Father does not contest, and the record supports, the superior court's findings on the chronic substance abuse ground.  Father also had sufficient notice of this ground.  DCS alleged this ground in its initial petition, months before the termination hearing and his counsel confirmed that she reviewed the allegations with Father through an interpreter.  Moreover, Father's testimony made clear he understood that his continued substance abuse led to the dependency and termination proceedings.  The superior court thus properly terminated Father's parental rights under the chronic substance abuse ground and any error allowing DCS to proceed on the fifteen months' time-in-care ground was harmless.  *See JS-501904*, 180 Ariz. at 355–56 (finding any error in an untimely amendment harmless when the court properly terminated the parent's rights on other grounds).

**¶13**      To the extent that Father argues he was denied due process because DCS did not provide him a translated copy of its petition to terminate his parental rights, he has waived this claim by failing to meaningfully develop his argument or cite any relevant legal authority.  *See Melissa W. v. Dep't of Child Safety*, 238 Ariz. 115, 117–18, ¶ 9 (App. 2015).  But waiver aside, we find no error.  As discussed above, Father had adequate notice of and an opportunity to defend against the chronic substance abuse ground despite lacking a translated petition.  And any error as to the fifteen months' time-in-care ground was harmless.  Though DCS should have complied with the court's order to translate the petition, Father was not denied due process.  *See JS-501904*, 180 Ariz. at 355 (finding no due process violation where the parent had actual notice of and an opportunity to defend against the allegations).

**CONCLUSION**

¶14        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    TM