NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO X.B. and D.B.

No. 1 CA-JV 25-0011
FILED 7-22-2025

---

Appeal from the Superior Court in Maricopa County
Nos. JD42860
JS21376
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

---

COUNSEL

Maricopa County Office of the Public Advocate, Mesa
By Seth Draper
*Advisory Counsel for Appellant*

Vanessa M., Phoenix
*Appellant*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee*

Maricopa County Office of the Legal Advocate, Phoenix
By Amanda Adams
*Counsel for Appellee Children*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Andrew M. Jacobs joined.

---

**C A T L E T T**, Judge:

**¶1**            Vanessa M. ("Mother") appeals the denial of her motion to set aside the juvenile court's order terminating her parental rights to X.B. and D.B. ("Children"). Mother's counsel filed a motion under Arizona Rule of Procedure for the Juvenile Court 607(e)(1)(B), avowing that, after reviewing the record, counsel found no non-frivolous question of law. Mother filed a supplemental brief. Because Mother has not demonstrated the court abused its discretion, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**            Mother previously appealed the juvenile court's termination order. *See In re X.B.*, 2024 WL 2032759, at *1 ¶ 1 (Ariz. App. May 7, 2024) (mem. decision). The court terminated Mother's parental rights on grounds of abuse and neglect and because Mother continued to contact, and expressed a desire to reconnect with, her child's abuser. *Id.* at *2 ¶¶ 7–8. The juvenile court also found it was in the Children's best interests to "not be subject to abuse and neglect." *Id.* at *2 ¶ 8. This court affirmed. *Id.* at *3 ¶ 15.

**¶3**            Mother petitioned the Arizona Supreme Court for review. While that petition was pending, the Department of Child Safety ("DCS") disclosed documents it did not disclose before Mother's termination hearing. The supreme court stayed the petition to allow the juvenile court to consider the new documents.

**¶4**            Meanwhile, Mother asked the juvenile court to set aside the termination. Mother argued the new documents "contain evidence that Mother consistently and appropriately participated in visitation, engaged in and benefitted from counseling, and successfully completed the . . . parenting-skills program." And, she argued, they "rebut[] the court's finding that Mother did not learn enough to be able to protect [the Children]."

**¶5** The court acknowledged the documents show Mother was learning about healthy relationships and how to keep her children safe. But the court concluded they did not affect the court's finding that Mother was "simultaneously maintaining and concealing a relationship with her children's abuser." So the court denied Mother's motions.

**¶6** Mother timely appealed; we have jurisdiction. *See* A.R.S. §§ 8-235(A), 12-2101(A)(1).

## DISCUSSION

**¶7** Mother argues the court abused its discretion by denying her motions because she "pose[s] no risk" to the Children. We review the denial of a motion to set aside for an abuse of discretion. *Trisha A. v. Dep't of Child Safety*, 247 Ariz. 84, 91 ¶ 27 (2019).

**¶8** To succeed on a motion to set aside, a party must demonstrate a meritorious defense. *Id.* at 90 ¶ 26. Here, the juvenile court terminated Mother's parental rights chiefly because it found she had maintained and concealed a relationship with her child's abuser. So, for the court to set aside termination, the new documents had to undercut (at least to some extent) the court's finding about her relationship with the child's abuser. *See id.*

**¶9** Mother has not argued, let alone established, that the new documents undercut the court's key findings. Instead, Mother argues the documents show she was punctual, brought appropriate supplies, and demonstrated a "calm and supportive demeanor" when visiting the Children, and that she received positive feedback from individuals supervising those visits. Mother also argues the documents show the Children responded positively to visits and she completed required classes. Mother is correct that the new documents support that she behaved appropriately during visits and completed classes to improve her parenting and relationship skills—and we do not discount her efforts. But the documents do not undercut the court's findings that Mother knew or should have known her boyfriend was abusing her child and had maintained and concealed a relationship with him. Because the new documents do not undercut those key findings, the juvenile court did not abuse its discretion in refusing to set aside termination.

## CONCLUSION

**¶10**        We affirm the juvenile court's denial of Mother's motion to set aside termination.

