NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO A.S.

No. 1 CA-JV 25-0150

FILED 02-27-2026

Appeal from the Superior Court in Maricopa County
No. JD19755
The Honorable Katherine Cooper, Judge

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Seth Draper
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Veronica F. Rios
*Counsel for Appellee Arizona Department of Child Safety*

---

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Veronika Fabian and Vice Chief Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

¶1      D.S. ("Mother") challenges the denial of her motion to set aside the juvenile court's decision terminating her parental rights to her child, A.S. For reasons below, we affirm.

## BACKGROUND

¶2      A.S. was born prematurely and substance-exposed to methamphetamine and marijuana in September 2023. Later that month, the Department of Child Safety ("DCS") took custody of A.S. and petitioned for dependency based on substance abuse and an unstable living condition.

¶3      In April 2025, the juvenile court approved changing the case plan to family reunification, concurrent with termination and adoption, and ordered DCS to meet with Mother concerning substance abuse testing and mental health services. In June, over Mother's objection, DCS filed a motion to terminate her parental rights as to A.S. based on prolonged substance abuse and 15 months in out-of-home placement. *See* A.R.S. § 8-533(B)(3), (8). Several weeks later, at the initial termination hearing, Mother contested the motion. The court advised Mother that if she failed to appear at future hearings without good cause, the court could proceed on the motion for termination in her absence "based on the record and the evidence presented."

¶4      Mother failed to appear at the next hearing, a pretrial conference held September 4, 2025. Finding no good cause for her failure to appear, the court explained that Mother waived her right to contest the allegations of the motion for termination. After hearing testimony from the DCS caseworker and admitting exhibits into evidence, the court indicated it would grant the motion, with a final order to follow.

¶5      A week later, and before the court issued its formal termination order, Mother's counsel moved to set aside the court's decision to grant DCS's motion, claiming Mother could not attend the pretrial

conference because she was at an inpatient substance abuse treatment facility from September 3 through September 10. DCS objected, asserting voluntary inpatient treatment was not good cause for Mother's failure to appear because she did not alert the case manager and her decision to enter treatment was "of her own volition." DCS argued that Mother disregarded the court's warnings and deliberately decided not to appear at the pretrial conference.

¶6 The court then issued its order terminating Mother's parental rights on both grounds alleged in DCS's motion, finding no good cause for Mother's absence. In a later minute entry, the court denied Mother's motion to set aside, finding that (1) she could have entered treatment "any time during the two years" the case had been pending, or even the day following the pretrial conference, and (2) her "decision to enter [inpatient treatment] rather than attend her hearing, knowing the consequences of that decision, does not excuse her absence." Mother timely appealed, and we have jurisdiction under A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

¶7 Mother argues the juvenile court erred by denying her motion to set aside the termination finding. We review the court's ruling for an abuse of discretion. *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007). We reverse only if the ruling was "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Lashonda M. v. Ariz. Dep't of Econ. Sec.*, 210 Ariz. 77, 83, ¶ 19 (App. 2005) (citation omitted).

¶8 A court may terminate parental rights by accelerating the proceedings and receiving evidence when a parent fails to appear at a scheduled hearing, so long as the parent had proper notice, was properly served, and was advised of the consequences of failing to appear. Ariz. R.P. Juv. Ct. 353(f). "[A] parent seeking to set aside a severance judgment entered after failing to appear at a final severance hearing . . . must show good cause for the nonappearance and a meritorious defense." *Trish A. v. Dep't of Child Safety*, 247 Ariz. 84, 89, ¶ 19 (2019) (citation modified).

¶9 To prove good cause, Mother must show "mistake, inadvertence, surprise or excusable neglect." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16 (App. 2007). Excusable neglect exists if the neglect "is such as might be the act of a reasonably prudent person in

3

the same circumstances." *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993).

**¶10**        The juvenile court determined that Mother failed to appear without good cause at the pretrial conference, noting that Mother entered inpatient treatment voluntarily even though she had notice the termination proceeding could continue in her absence. Nothing in the record before us contradicts the court's finding. Mother received notice "that failure to appear for further hearings without good cause shown could result in the [c]ourt proceeding on the severance motion in her absence based on the record and evidence presented." *See* Ariz. R.P. Juv. Ct. 351(c)(2) (requiring a hearing notice to advise parents that failure to appear without good cause can result in waiver, admission of allegations, and advancement of proceedings in their absence).

**¶11**        As the court noted, Mother was informed of the time and date of the pretrial conference and warned of the consequences of failing to appear. The court acted within its discretion in finding Mother's absence was without good cause. *See Brandi K. v. Dep't of Child Safety*, 1 CA-JV 21-0023, 2021 WL 2837151, at *3, ¶ 17 (Ariz. App. July 8, 2021) (mem. decision) (stating that a father's failure to appear due to voluntary inpatient treatment was not good cause); *April M. v. Dep't of Child Safety*, 2 CA-JV 2018-0013, 2018 WL 2175887, at *2, ¶¶ 7–8 (Ariz. App. May 11, 2018) (mem. decision) (determining that a mother's failure to appear due to voluntarily entering a substance abuse treatment facility was not good cause).

**¶12**        Mother contends that her inpatient treatment constituted excusable neglect, but she waived this contention by failing to raise it in the juvenile court. *See Kimu P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 39, 44, ¶ 19 n.3 (App. 2008) (noting that a parent waives an argument by failing to raise it in the juvenile court).

**¶13**        Finally, Mother has not made any meaningful argument, either in the juvenile court or on appeal, that she has a meritorious defense to the court's termination finding. Thus, she cannot establish that the juvenile court erred in denying her motion to set aside. *See id.*; *Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, 578, ¶ 6 (App. 2017) (recognizing "it is generally not our role to *sua sponte* address issues not raised by the appellant"). And even assuming Mother has attempted to raise a meritorious defense in her appellate briefing, her failure to include that analysis in her motion to set aside means the issue is waived. *See In re Termination of Parental Rights as to M.A.*, 1 CA-JV 25-0044, 2025 WL 3002970, at *3, ¶ 17 (Ariz. App. Oct. 24, 2025) (mem. decision) ("Our aversion to

waiver in the juvenile context does not stretch so far as to allow Father a do-over where he chose not to reveal any potentially meritorious defense in a motion where that was the issue."). Mother has not shown the juvenile court erred.

## CONCLUSION

**¶14** We affirm the juvenile court's order terminating Mother's parental rights to A.S.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR